UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES CABLE and :
DENISE CABLE, :
    Plaintiffs :
: CIVIL NO. 1:12-CV-1106
    v. :
:
ALLIED INTERSTATE, INC., :
    Defendant :

*M E M O R A N D U M*

*I.    Introduction*

Plaintiffs brought the above-captioned case seeking relief under the Fair Debt Collection Practices Act ("FDCPA") and the doctrine of intrusion upon seclusion under Pennsylvania state law. Presently before the court is Defendant's motion for judgment on the pleadings (Doc. 25). Defendant argues that, under the circumstances of this case, Plaintiffs cannot state a viable claim with respect to either of these two causes of action, and therefore, the court should grant judgment in Defendant's favor. For the reasons set forth below, we will deny Defendant's motion.

*II.    Background*

The following facts are alleged in Plaintiffs' complaint. Defendant is engaged in the business of collecting consumer debts. In the course of its business, Defendant uses the mail and the telephone to contact debtors. Defendant sends demands for payment, and leaves voice messages, directing debtors to call Defendant at

a toll-free number. When a debtor calls this number, if the call is not answered by an employee of Defendant, then it is somehow routed to Plaintiffs' home telephone number.

Plaintiffs allege that, since May of 2011, they have received well over 100 calls from various debtors attempting to reach Defendant, and all of the calls are annoying and disruptive. Many are unpleasant, rude, laced with profanity, and even obscene. Plaintiffs also aver that they have repeatedly contacted Defendant in hopes that the problem could be remedied, but as of the time of filing their complaint, Defendant continued to advise debtors to call the phone number that, for reasons unknown, routes unanswered calls to Plaintiffs' home telephone. Plaintiffs also contacted the Better Business Bureau and the Pennsylvania Attorney General's Office, to no avail. Plaintiffs contend that the "harassing, aggravating[,] and highly intrusive" calls are ongoing, and Plaintiffs have suffered "emotional harm and distress, embarrassment, humiliation, disruption, and other losses[.]" (Doc. 1 ¶¶ 20-21).

Plaintiffs filed the instant case in the Eastern District of Pennsylvania, and venue was transferred to this court on June 11, 2012. On October 3, 2012, Defendant filed the pending motion for judgment on the pleadings (Doc. 25). The motion is now fully briefed and ripe for disposition.

III.  *Legal Standard*

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings. In reviewing such a motion, the court accepts the facts pleaded as true and views them in the light most favorable to the nonmoving party.

Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)). Judgment should not be granted unless the moving party "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Id.

*IV.     Discussion*

Defendant argues that the FDCPA does not apply in this case, and that the complained-of conduct does not constitute a tortious intrusion upon seclusion. We will analyze Plaintiffs' two causes of action in turn.

*A.     Fair Debt Collection Practices Act*

There can be no dispute that the purpose of the FDCPA is "to eliminate abusive debt collection practices[.]" 15 U.S.C. § 1692(e). Defendant contends that the FDCPA does not apply in this case, because there is no debt collection activity. Defendant admits that it is in the business of debt collection, but maintains that it is not a debt collector with respect to Plaintiffs, and it never directed any debt collection activity to Plaintiffs. Defendant characterizes the routing of telephone calls to Plaintiffs as a "technological glitch." (Doc. 26 at 5). Defendant also argues that the same mistake could affect any business with an automated phone system, and the mere "happenstance" that the affected business was a debt collector does not permit Plaintiffs to state a claim under the FDCPA. (Id. at 11). Defendant insists that Plaintiffs' FDCPA

claim must fail as a matter of law because Defendant did not direct any debt collection activity to Plaintiffs, and the complained-of conduct was not an attempt to collect a debt.

In response, Plaintiffs argue that Defendant overlooks the plain language of §§ 1692d and 1692f. According to Plaintiffs, the FDCPA has such broad application that they are not required to show that Defendant directed debt collection activity to them. Rather, under § 1692d, they can simply show that "the natural consequence" of Defendant's debt collection activity is "to harass, oppress, or abuse" them. 15 U.S.C. § 1692d. Plaintiffs contend that their allegations are sufficient to satisfy this standard. In particular, Plaintiffs emphasize that, even after they asked Defendant to make the calls stop, Defendant continued to use the telephone system that routed calls to their home telephone line.

We agree that the language of § 1692d is broad enough that it may cover the conduct complained of in this case. The statute's protections are not limited to persons that a debt collector contacts directly in the course of its collection efforts. Hence, Defendant's insistence that it never directed debt collection activity to Plaintiffs is unavailing.

Defendant cites several cases in an effort to establish that Plaintiffs cannot state a claim under the FDCPA without showing that Defendant directed debt collection activities at them. We conclude that none of the cases cited by Defendant control the case presently before us. This case presents unique factual allegations — specifically, that over 100 disruptive calls were directed to Plaintiffs as a consequence of

Defendant's collection efforts. Given these factual allegations, we cannot conclude that Plaintiffs' FDCPA claim fails as a matter of law. In our view, such a conclusion would not comport with a plain reading of the broad language of § 1692d.

As noted above, § 1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In this case, the allegations of Plaintiffs' complaint establish that Defendant, in connection with the collection of debts from its debtors, directed debtors to call a certain toll-free telephone number, and as a natural consequence of Defendant's conduct, a large number of disruptive, unpleasant calls were routed to Plaintiffs' telephone. Plaintiffs' allegations also establish that Defendant persisted in its conduct even after Plaintiffs notified Defendant of the problem and requested that Defendant correct it. At this juncture, we must view these allegations in the light most favorable to Plaintiffs. Under these circumstances, we cannot conclude that Defendant is entitled to judgment as a matter of law on Plaintiffs' FDCPA claim. We will therefore deny the pending motion for judgment on the pleadings with respect to this claim.

### B. *Intrusion Upon Seclusion*

Intrusion upon seclusion is a tort under Pennsylvania law, derived from § 652B of the Restatement (Second) of Torts. § 652B provides:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Defendant argues that Plaintiffs cannot establish a claim for intrusion upon seclusion for two reasons: first, there is no allegation that the complained-of conduct was intentional, and second, the calls were not "highly offensive to a reasonable person," as is required for liability to be found under this doctrine.

With respect to the argument concerning intent, we note the following. Intrusion upon seclusion is an intentional tort. Defendant contends that the notion that it would intentionally divert its debtors' calls to Plaintiffs' home telephone line is implausible, and implausible pleadings do not satisfy the pleading standards of Rule 8. (Doc. 26 at 8). Plaintiffs argue that "Defendant's intent is evidenced by the fact that it continued to route these incoming calls to [Plaintiffs] despite notice of the problem and despite [Plaintiffs'] demand that the calls cease." (Doc. 27 at 14). Plaintiffs also insist that intent is a classic question of fact, not suited for resolution at this phase of the proceedings.

Defendant's lack-of-intent argument fails to persuade us that Defendant is entitled to judgment on the pleadings. We reiterate that, in resolving the pending motion, we must view the facts, and all reasonable inferences to be drawn therefrom, in the light most favorable to Plaintiffs. Although we make no finding of intent, we conclude that Plaintiffs' allegations are sufficient to support such a finding. Specifically, a finding of intent to intrude could be supported by Defendant's failure to take any remedial action to stop the improper routing of telephone calls to Plaintiffs' home, even after Plaintiffs made Defendant aware of the problem.

Finally, we turn to Defendant's argument that the calls received by Plaintiffs were not sufficiently "offensive" to permit recovery under the doctrine of intrusion upon seclusion. Defendant cites two cases in which a court concluded that the facts before it fell short of the "highly offensive" standard. Both of the cited cases, however, are factually distinguishable from the instant case. Here, Plaintiffs received a great number of disruptive, unpleasant telephone calls, which persisted for more than a year. We cannot conclude that this alleged intrusion fails to meet the "highly offensive to a reasonable person" standard, as Defendant contends. We will therefore deny Defendant's motion for judgment on the pleadings with respect to Plaintiffs' claim under the doctrine of intrusion upon seclusion.

*V.		Conclusion*

For the reasons set forth above, Defendant has failed to persuade us that it is entitled to judgment on the pleadings on either of Plaintiffs' two causes of action. The motion for judgment on the pleadings will therefore be denied.

We will issue an appropriate order.

     /s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 29, 2012

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES CABLE and :
DENISE CABLE, :
    Plaintiffs :
: CIVIL NO. 1:12-CV-1106
    v. :
:
ALLIED INTERSTATE, INC., :
    Defendant :

*O R D E R*

AND NOW, this 29th day of November, 2012, upon consideration of Defendant's motion for judgment on the pleadings (Doc. 25), it is ORDERED that said motion is DENIED.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge